In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00264-CR**
_____

**BENJAMIN GARRETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 20-35627**

**MEMORANDUM OPINION**

Benjamin Garrett appeals his conviction for aggravated assault with a deadly

weapon. We affirm.

In 2020, Garrett was indicted for aggravated assault with a deadly weapon (a

firearm), a second degree felony. *See* Tex. Penal Code Ann. § 22.02. Garrett pleaded

"not guilty," he was tried by a jury in July 2022, and the jury found Garrett guilty

and found that he had used a deadly weapon during the commission of the offense.

During the punishment phase of trial, the State provided evidence of a prior felony conviction for manslaughter, and Garrett pleaded "true" to the enhancement. The jury assessed punishment at twenty-five years' imprisonment.

On appeal, Garrett's court-appointed attorney filed a brief wherein the attorney stated that he had reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Garrett to file a pro se brief. On January 19, 2023, Garrett's appellate attorney filed a Motion to Temporarily Abate Court's Decision requesting this Court to hold its decision for at least forty-five days because counsel had not heard from Garrett, and counsel requested additional time to determine whether there were any "relevant issues and/or raise any point of error." On January 20, 2023, Garrett filed a pro se Motion for an Extension of Time for ninety days. We denied the motion to abate and granted Garrett an extension until February 22, 2023, to file a pro se brief or response.

On March 10, 2023, Appellant filed a pro se Motion for Substitution of Counsel. In the Motion, Appellant requested new appointed counsel because he "feels that [his current appointed appellate counsel] cannot/or/will not render the effective assistance of counsel[.]" He also refers to other pending charges and

2

another appointed counsel and requests new appointed counsel "for the purposes of d[i]sposing of the additional charges."

The Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine either: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* Upon receiving an *Anders* brief, we conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

We have independently reviewed and conducted a full examination of the entire appellate record, and we agree that no arguable issues support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28. We also conclude that Appellant's pro se letter does not state a legal issue or complaint, nor does it provide any legal authority or analysis as required by the rules for appellate briefs. *See* Tex. R. App. P. 38.1(i). Therefore, we find it unnecessary to order appointment of new counsel to re-brief Garrett's

appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 29, 2023
Opinion Delivered April 5, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[1] Garrett may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.